1  ROBERT D. EASSA, Bar No. 107970
DELIA A. ISVORANU, Bar No. 226750
2  FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, Suite 1800
3  Oakland, California  94612-0850
Telephone:    510.444.3131
4  Facsimile:     510.839.7940

5  Attorneys for Defendant
CHEVRON ENERGY
6  TECHNOLOGY COMPANY

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  STEPHEN VALLIMONT, an individual,,        Case No.  C 08-01227 JL

12              Plaintiff,
                                              **ANSWER TO COMPLAINT
13  v.                                        FOR DAMAGES**

14  CHEVRON RESEARCH &
TECHNOLOGY and JIM EVERARD,
15
              Defendants.
16

17

18        Defendant Chevron Energy Technology Company ("Chevron"), erroneously sued as

19  "Chevron Research & Technology," in answer to Plaintiff Stephen Vallimont's ("Plaintiff")

20  February 29, 2008 Complaint ("Complaint"), hereby denies, admits, and alleges as follows:

21        1.    In response to paragraph 1 of the Complaint, Chevron alleges that the procedural

22  statements are immaterial, and as such, require no response.

23        2.    In response to paragraph 2 of the Complaint, Chevron alleges that the procedural

24  statements are immaterial, and as such, require no response.

3 25  In response to paragraph 3 of the Complaint, Chevron denies that Plaintiff was at all times

26  employed by "Chevron Research & Technology" but admits that Plaintiff was employed by

27  Chevron in Richmond, California. Chevron also denies that Plaintiff was retaliated against in any

28  manner whatsoever. As to the remaining allegations, Chevron lacks sufficient knowledge or

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 1 -

1    information to form a belief about the truth of the allegations and basing its response on this

2    ground, denies each and every remaining allegation.

3         4.    In response to paragraph 4 of the Complaint, Chevron denies that Chevron Energy

4    Technology Company, erroneously sued as "Chevron Research & Technology Company" is a

5    corporation. Chevron admits that it employed Jim Everard.

6         5.    In response to paragraph 5 of the Complaint, Chevron admits the allegations other

7    than Plaintiff's contention that he was employed by Chevron Research & Technology and that he

8    suffered any "injuries" while employed by Chevron, which Chevron denies.

9         6.    In response to paragraph 6 of the Complaint, Chevron lacks sufficient knowledge

10   or information to form a belief about the truth of the allegations in this paragraph and basing its

11   response on this ground, denies each and every allegation. In any event, these allegations

12   concerning the Court's jurisdiction are procedural statements which require no response.

13        7.    In response to paragraph 7 of the Complaint, Chevron lacks sufficient knowledge

14   or information to form a belief about the truth of the allegations in this paragraph and basing its

15   response on this ground, denies each and every allegation. In any event, these allegations

16   concerning the Court's jurisdiction are procedural statements which require no response.

17        8.    In response to paragraph 8 of the Complaint, Chevron lacks sufficient knowledge

18   or information to form a belief about the truth of the allegations in this paragraph and basing its

19   response on this ground, denies each and every allegation. In any event, these allegations

20   concerning the Court's jurisdiction are procedural statements which require no response.

21        9.    In response to paragraph 9 of the Complaint, Chevron lacks sufficient knowledge

22   or information to form a belief about the truth of the allegations in this paragraph and basing its

23   response on this ground, denies each and every allegation.

24        10.   In response to paragraph 10 of the Complaint, Chevron lacks sufficient knowledge

25   or information to form a belief about the truth of the allegations regarding Plaintiff's purported

26   race. The remaining allegations are legal/procedural contentions which require not response.

27        11.   In response to paragraph 11 of the Complaint, Chevron lacks sufficient knowledge

28   or information to form a belief about the truth of the allegations in this paragraph and basing its

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

1    response on this ground, denies each and every allegation.

2         12.    In response to paragraph 12 of the Complaint, Chevron lacks sufficient knowledge

3    or information to form a belief about the truth of the allegations in this paragraph and basing its

4    response on this ground, denies each and every allegation.

5         13.    In response to paragraph 13 of the Complaint, Chevron lacks sufficient knowledge

6    or information to form a belief about the truth of the allegations in this paragraph and basing its

7    response on this ground, denies each and every allegation.

8         14.    In response to paragraph 14 of the Complaint, Chevron lacks sufficient knowledge

9    or information to form a belief about the truth of the allegations in this paragraph and basing its

10   response on this ground, denies each and every allegation.

11        15.    In response to paragraph 15 of the Complaint, Chevron denies the allegations on

12   information or belief.

13        16.    In response to paragraph 16 of the Complaint, Chevron lacks sufficient knowledge

14   or information to form a belief about the truth of the allegations in this paragraph and basing its

15   response on this ground, denies each and every allegation.

16        17.    In response to paragraph 17 of the Complaint, Chevron lacks sufficient knowledge

17   or information to form a belief about the truth of the allegations in this paragraph and basing its

18   response on this ground, denies each and every allegation.

19        18.    In response to paragraph 18 of the Complaint, Chevron lacks sufficient knowledge

20   or information to form a belief about the truth of the allegations in this paragraph and basing its

21   response on this ground, denies each and every allegation.

22        19.    In response to paragraph 19 of the Complaint, Chevron lacks sufficient knowledge

23   or information to form a belief about the truth of the allegations in this paragraph and basing its

24   response on this ground, denies each and every allegation.

25        20.    In response to paragraph 20 of the Complaint, Chevron lacks sufficient knowledge

26   or information to form a belief about the truth of the allegations in this paragraph and basing its

27   response on this ground, denies each and every allegation.

28   ///

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 3 -

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

21.    In response to paragraph 21 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

22.    In response to paragraph 22 of the Complaint, Chevron denies the allegations on information or belief.

23.    In response to paragraph 23 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

24.    In response to paragraph 24 of the Complaint, Chevron admits the allegations.

25.    In response to paragraph 25 of the Complaint, Chevron denies the allegations on information or belief.

26.    In response to paragraph 26 of the Complaint, Chevron denies the allegations on information or belief.

27.    In response to paragraph 27 of the Complaint, Chevron denies the allegations on information or belief.

28.    In response to paragraph 28 of the Complaint, Chevron denies the allegations on information or belief.

29.    In response to paragraph 29 of the Complaint, Chevron denies the allegations on information or belief.

30.    In response to paragraph 30 of the Complaint, Chevron denies the allegations on information or belief.

31.    In response to paragraph 31 of the Complaint, Chevron denies the allegations on information or belief.

32.    In response to paragraph 32 of the Complaint, Chevron denies the allegations on information or belief.

33.    In response to paragraph 33 of the Complaint, Chevron denies the allegations on information or belief.

34.    In response to paragraph 34 of the Complaint, Chevron denies the allegations on information or belief.

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 4 -

35.    In response to paragraph 35 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

36.    In response to paragraph 36 of the Complaint, Chevron denies the allegations on information or belief.

37.    In response to paragraph 37 of the Complaint, Chevron denies the allegations on information or belief.

38.    In response to paragraph 38 of the Complaint, Chevron denies the allegations on information or belief.

39.    In response to paragraph 39 of the Complaint, Chevron denies the allegations on information or belief.

40.    In response to paragraph 40 of the Complaint, Chevron denies the allegations on information or belief.

41.    In response to paragraph 41 of the Complaint, Chevron denies the allegations on information or belief.

42.    In response to paragraph 42 of the Complaint, Chevron denies the allegations on information or belief.

43.    In response to paragraph 43 of the Complaint, Chevron denies the allegations on information or belief.

44.    In response to paragraph 44 of the Complaint, Chevron denies the allegations on information or belief.

45.    In response to paragraph 45 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

46.    In response to paragraph 46 of the Complaint, Chevron denies the allegations on information or belief.

47.    In response to paragraph 47 of the Complaint, Chevron denies the allegations on information or belief.

48.    In response to paragraph 48 of the Complaint, Chevron denies the allegations on information or belief.

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 5 -

49.     In response to paragraph 49 of the Complaint, Chevron denies the allegations on information or belief.

50.     In response to paragraph 50 of the Complaint, Chevron denies the allegations on information or belief.

51.     In response to paragraph 51 of the Complaint, Chevron denies the allegations on information or belief.

52.     In response to paragraph 52 of the Complaint, Chevron denies the allegations on information or belief.

53.     In response to paragraph 53 of the Complaint, Chevron denies the allegations on information or belief.

54.     In response to paragraph 54 of the Complaint, Chevron denies the allegations on information or belief.

55.     In response to paragraph 55 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

56.     In response to paragraph 56 of the Complaint, Chevron admits the allegations.

57.     In response to paragraph 57 of the Complaint, Chevron denies the allegations on information or belief.

58.     In response to paragraph 58 of the Complaint, Chevron denies the allegations on information or belief.

59.     In response to paragraph 59 of the Complaint, Chevron denies the allegations on information or belief.

60.     In response to paragraph 60 of the Complaint, Chevron denies the allegations on information or belief.

61.     In response to paragraph 61 of the Complaint, Chevron denies the allegations on information or belief.

62.     In response to paragraph 62 of the Complaint, Chevron denies the allegations on information or belief.

///

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 6 -

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

63. In response to paragraph 63 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation. Chevron denies, on information or belief that, if Plaintiff has incurred such expenses, they are attributable to any alleged unlawful conduct by Chevron.

64. In response to paragraph 64 of the Complaint denies the allegations on information or belief.

65. In response to paragraph 65 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

66. In response to paragraph 66 of the Complaint, Chevron admits the allegations.

67. In response to paragraph 67 of the Complaint, Chevron denies the allegations on information or belief.

68. In response to paragraph 68 of the Complaint, Chevron denies, on information or belief, that any harassing or discriminatory actions occurred and also denies that Plaintiff was retaliated against. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of those allegations and basing its response on this ground, denies each and every remaining allegation.

69. In response to paragraph 69 of the Complaint, Chevron denies the allegations on information or belief.

70. In response to paragraph 70 of the Complaint, Chevron denies the allegations on information or belief.

71. In response to paragraph 71of the Complaint, Chevron denies the allegations on information or belief.

72. In response to paragraph 72 of the Complaint, Chevron denies the allegations on information or belief.

73. In response to paragraph 73 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 7 -

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

74.    In response to paragraph 74 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

75.    In response to paragraph 75 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

76.    In response to paragraph 76 of the Complaint, Chevron denies the allegations on information or belief.

77.    In response to paragraph 77 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

78.    In response to paragraph 78 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

79.    In response to paragraph 79 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

80.    In response to paragraph 80 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

81.    In response to paragraph 81 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

82.    In response to paragraph 82 of the Complaint, Chevron denies the allegations on information or belief.

83.    In response to paragraph 83 of the Complaint, Chevron denies the allegations on information or belief.

84.    In response to paragraph 84 of the Complaint, Chevron denies the allegations on information or belief.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 8 -

85.    In response to paragraph 85 of the Complaint, Chevron denies the allegations on information or belief.

86.    In response to paragraph 86 of the Complaint, Chevron denies the allegations on information or belief.

87.    In response to paragraph 87 of the Complaint, Chevron denies the allegations on information or belief

88.    In response to paragraph 88 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

89.    In response to paragraph 89 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

90.    In response to paragraph 90 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

91.    In response to paragraph 91 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

92.    In response to paragraph 92 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

93.    In response to paragraph 93 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

94.    In response to paragraph 94 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

95.    In response to paragraph 95 of the Complaint, Chevron alleges that the legal/procedural contention is immaterial, and as such, requires no response. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

- 9 -

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

96.    In response to paragraph 96 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

97.    In response to paragraph 97 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

98.    In response to paragraph 98 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

99.    In response to paragraph 99 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

100.    In response to paragraph 100 of the Complaint, Chevron denies the allegations on information or belief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

101.    As to Plaintiff's Prayer For Relief, Chevron alleges that the statements contained therein are immaterial, and as such, require no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Chevron also alleges that Plaintiff cannot state a claim against Defendant Everard.

## FIRST AFFIRMATIVE DEFENSE

Any or all of Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, 42 U.S.C. section 2000e-5, Gov. Code sections 12960 and 12965, and Code of Civil Procedure sections 312, 335.1, 338, and 340.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's failure to exhaust his administrative remedies including, but not limited to, procedures provided by administrative agencies and applicable laws.

///

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3501
PHONE 510.444.3131

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action contained therein, is barred by the fact that any actions taken against Plaintiff were for a proper or legitimate business-related reason, which was neither arbitrary, capricious, nor unlawful. Chevron's conduct, acts, or omissions were legitimate and in good faith and Chevron had reasonable grounds for believing that its conduct did not violate any provision of Title VII, California's Fair Employment and Housing Act, or other applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of res judicata as a result of Plaintiff's prior administrative proceedings.

### FIFTH AFFIRMATIVE DEFENSE

Chevron's alleged conduct, if and to the extent it occurred, was privileged and justified, and no action may be taken against it on account of such conduct, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred in whole or in part, by his unreasonable failure to utilize preventive and corrective opportunities provided by Chevron, and to "otherwise avoid harm," as that expression is used in the United States Supreme Court's decisions in *Burlington Industries, Inc. v. Ellerth* (1998) 524 U.S. 742, and *Fargher v. City of Boca Raton* (1998) 524 U.S. 775. Chevron has an effective procedure for persons working at its site(s) to come forward with complaints and if appropriate, for taking prompt, effective corrective action. Chevron took reasonable steps to prevent and correct workplace misconduct, however, Plaintiff unreasonably failed to use the preventive and corrective measures that his employer provided, and reasonable use of those procedures would have prevented the harm that the Plaintiff suffered, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reasons of Plaintiff's own conduct which, had such conduct been previously known to Chevron, would have resulted in Plaintiff's employment to either have not taken place or resulted in Plaintiff being terminated as a result of such conduct or omission.

- 11 -

**EIGHTH AFFIRMATIVE DEFENSE**

Any discharge of Plaintiff, by Chevron, was due to Plaintiff's breach or neglect, or both, of his duty in the course of his employment.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each alleged cause of action contained therein, is barred by the fact that Plaintiff's employment was terminable at the will of either party, with or without cause, so that Plaintiff has no claim or cause of action based upon his employment.

**TENTH AFFIRMATIVE DEFENSE**

The alleged conduct of individual employees, if and to the extent it occurred, was outside the scope of their employment, and to the extent, if any, Chevron became aware of such alleged conduct, Chevron took immediate and appropriate corrective action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the ground that worker's compensation is his exclusive remedy.

**TWELFTH AFFIRMATIVE DEFENSE**

The incidents described in the Complaint and whatever injury or damage, if any, Plaintiff suffered by reason thereof, were proximately caused, in whole or in part, and contributed to, by the intentional misconduct of Plaintiff. By reason thereof, Plaintiff's recovery, if any, must be diminished by the proportion of his own misconduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The incidents described in the Complaint and whatever damage, if any, Plaintiff suffered by reason thereof, were proximately caused, in whole or in part, and contributed to by the misconduct of third parties; by reason thereof, Plaintiff's recovery, if any, must be diminished by the proportion of third parties' misconduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a result of Plaintiff's conduct, acts, and or omissions, Plaintiff is estopped from asserting any claim against Chevron.

///

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 12 -

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

### FIFTEENTH AFFIRMATIVE DEFENSE

As a result of Plaintiff's conduct, acts, and or omissions, Plaintiff has waived his right to assert any claims against Chevron.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages by virtue of any conduct, acts, and or omissions by Chevron, which Chevron denies, Plaintiff failed to use due diligence to mitigate damages. Therefore, Plaintiff's damages should be reduced in whole or in part, based upon his failure to mitigate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a result of his conduct, acts and or omissions, Plaintiff has unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff expressly participated in, acknowledged, authorized, consented to or approved, each and every of the acts complained of herein which Plaintiff now complains that he has been damaged as a result thereof. Therefore, Plaintiff is barred, estopped, and precluded from the recovery sought herein.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Chevron or Everard.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and, therefore, Plaintiff is barred from recovering any attorneys' fees whatsoever.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a result of Plaintiff's frivolous, unfounded, and unreasonable legal claims, Chevron will incur substantial attorneys' fees and is, therefore, entitled to attorneys' fees pursuant to title VII, California's Fair Employment and Housing Act or other statutes, upon judgment in its favor.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The injuries and losses claimed by Plaintiff are speculative, depend on the happening of events which are not reasonably certain to occur, may be mitigated by future events, and cannot

- 13 -

1  be determined with the degree of certainty required by law.

2  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3  The Complaint, to the extent that it seeks punitive or exemplary damages, violates

4  Chevron's rights to substantive due process as provided in the Fifth and Fourteenth Amendments

5  of the United States Constitution, and under the Constitution of the State of California, and

6  therefore fails to state a cause of action for which punitive or exemplary damages may be

7  awarded.

8  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9  Unless Chevron's liability for punitive damages and the appropriate amount of punitive

10  damages are required to be established by clear and convincing evidence, any award of punitive

11  damages would violate Chevron's due process rights guaranteed by the Fourteenth Amendment to

12  the United States Constitution and by the California Constitution, and would be improper under

13  the common law and public policies of the State of California.

14  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

15  Chevron alleges that certain additional affirmative defenses are available to Chevron.

16  These affirmative defenses will require further discovery and/or investigation before they can be

17  properly plead.  Chevron will move to amend its Answer to allege such additional affirmative

18  defenses once they have been fully ascertained and can be properly pleaded.

19  **PRAYER**

20  WHEREFORE, Chevron prays for judgment as follows:

21  1.    That Plaintiff takes nothing by reason of the Complaint on file;

22  2.    That Chevron be awarded costs of suit herein and for such other and further relief

23  as the Court deems proper;

24  3.    That Chevron be awarded its attorneys fees and costs, as allowed by law, as a

25  result of Plaintiff's unmeritorious claims and allegations; and

26  3.    That if Chevron or Defendants are found liable, the degree of responsibility and

27  liability for the resulting damages be determined, and Defendants be liable only for that portion of

28  the total damages in proportion to their respective responsibility for the same.

- 14 -



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

1

**DEMAND FOR JURY TRIAL**

2     Defendants Chevron Energy Technology Company hereby demands trial by jury in this

3  action.

4

Dated: April 23, 2008                    FILICE BROWN EASSA & McLEOD LLP
5

6

7                                        By: _____
                                            ROBERT D. EASSA
8                                           DELIA A. ISVORANU
                                            Attorneys for Defendant
9                                           CHEVRON ENERGY
                                            TECHNOLOGY COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

00215 34352 Delia A. Isvoranu  584608.1
28

FBE&M

LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- 15 -

ANSWER TO COMPLAINT FOR DAMAGES
Case No.  C 08-01227 JL