BETH A. HUBER (SBN 184702)
THE HUBER LAW FIRM
1104 Lincoln Ave.
San Rafael, California 94901
Telephone: (415) 456-4411
Facsimile:  (415) 453-8269

DAVID SHANE (SBN 109890)
SHANE & TAITZ
1000 Drakes Landing Road, Suite 200
Greenbrea, CA 94904-3027
Telephone: (415) 464-2020
Facsimile: (415) 464-2024

Attorneys for Plaintiff
STEPHEN VALLIMONT

ROBERT D. EASSA (SBN 107970)
DELIA A. ISVORANU (SBN 226750)
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612-0850
Telephone: (510) 444-3131
Facsimile: (510) 839-7940

Attorneys for Defendant
CHEVRON ENERGY TECHNOLOGY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN VALLIMONT, <br><br> Plaintiff, <br><br> vs. <br><br> CHEVRON RESEARCH & TECHNOLOGY and JIM EVERARD, <br><br> Defendants. | NO. C 08-01227 JSW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Date: July 18, 2008 <br> Time: 1:30 p.m. <br> Ctrm: 2, 17th Fl. |

Plaintiff Stephen Vallimont ("Plaintiff") and Defendant Chevron Energy Technology Company ("Defendant") (together the "Parties") jointly submit this Case Management

Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Basis for this Court's Jurisdiction**

Jurisdiction of this Court is based on the existence of a federal question and arises under the Title VII 42 U.S.C. section 2000e *et seq.* Plaintiff was at all relevant times a citizen of California working in the City of Richmond, County of Contra Costa, California while Defendant, at all relevant times, was a corporation licensed to do business in California and was doing business in California. Thus, because the unlawful acts and practices alleged herein occurred in California, venue is proper under 42 U.S.C. section 2000e-5(f)(3).

2. **Description of the Case**

**Plaintiff alleges:**

Plaintiff worked for Defendant Chevron Research for over twenty years beginning in 1987. Plaintiff was wrongfully terminated in 2007 after Plaintiff had confronted his supervisor, Jim Everard ("Everard") about safety concerns twice in 2005 and after, in 2007, he requested Everard discipline a female Hispanic employee, Isabel Delgadillo ("Delgadillo"), for her poor attendance. Within days of this latter discussion with Everard, Plaintiff was informed that Delgadillo had filed a harassment complaint against him though the specifics of that complaint were never divulged to Plaintiff to adequately refute. Plaintiff was also accused of treating other employees of minority heritage in an adverse manner. He denied all allegations but Defendant failed to properly investigate Plaintiff's innocence and he was falsely terminated in May 2007. Plaintiff has been unable to find alternative employment and has suffered lost wages and severe emotional distress as a result of Defendant's retaliation and failure to properly investigate the complaints against him after he devoted 20 years of his life to the company.

**Defendant contends:**

Defendant denies each of Plaintiff's claims and asserts that Plaintiff was suspended and subsequently terminated for lawful and legitimate business reasons.

Defendant received an employee complaint alleging that Plaintiff had engaged in workplace misconduct including inappropriate touching, unauthorized use of another

employee's cell phone which Plaintiff used to take a photograph of his genitals, and using racial slurs. In conformity with its policy and practice of conducting prompt and thorough investigations, Defendant immediately investigated the allegations set forth in the employee's complaint against Plaintiff, interviewing approximately thirty-two (32) of Plaintiff's co-workers and other Chevron employees. The investigation confirmed that Plaintiff engaged in highly improper and unacceptable workplace misconduct. As a result, Plaintiff was terminated based on his misconduct rather than any alleged discriminatory, retaliatory or other unlawful motive.

3.  **The principal legal and/or factual issues which the parties dispute:**

    a. Whether Plaintiff was satisfactorily performing his duties and responsibilities with Defendant.

    b. Whether Plaintiff exhausted his administrative remedies.

    c. Whether any of Plaintiff's claims are time-barred.

    d. Whether any of Plaintiff's claims are barred by the exclusive remedy provisions of workers' compensation.

    e. Whether the factual allegations of Plaintiff's complaint are supported by competent and sufficient evidence.

    f. Whether or not Plaintiff was reversely discriminated against by Defendant on the basis of his sex/gender and/or race under Title VII and California's Fair Employment and Housing Act (the "FEHA").

    g. Whether or not Plaintiff was retaliated against by Defendant after filing complaints against his supervisor/manager, Everard.

    h. Whether or not Defendant adequately investigated Delgadillo's complaints against Plaintiff and adequately investigated Plaintiff's assertions of his innocence of those allegations.

    i. Whether Plaintiff engaged in "protected activity."

    j. Whether there was a temporal relationship between any alleged "protected activity" and Plaintiff's termination.

k. Whether Defendant had legitimate, non-discriminatory business reasons for terminating Plaintiff.

l. Whether Defendant had legitimate, non-retaliatory business reasons for terminating Plaintiff;

m. Whether or not any of Defendant's actions were done intentionally to harm Plaintiff.

n. Whether or not Defendant wrongfully terminated Plaintiff in violation of public policy embodied in Title VII and the FEHA.

o. Whether Defendant is liable to Plaintiff for any of the conduct alleged by him to have been taken by it.

p. Whether Plaintiff has suffered any harm or was damaged in any way as a result of any unlawful conduct by Defendant, including but not limited to emotional harm or financial harm.

q. Whether Defendant intentionally or negligently caused Plaintiff emotional distress.

r. Whether Plaintiff can show injuries sufficient to support a claim for emotional distress damages.

s. The amount of damages (including but not limited to financial harm or emotional distress) Plaintiff suffered as a result of Defendant's actions towards him.

t. Whether Plaintiff has mitigated his damages.

u. Whether Plaintiff can show that any alleged unlawful conduct was engaged in, consented to or ratified by any officer, director or managing agent of Defendant.

v. Whether Plaintiff can show conduct by Defendant sufficiently malicious and oppressive to support a claim for compensatory and punitive damages.

4. **Overview of the Pleadings to date and expected Motions**

Plaintiff Stephen Vallimont ("Plaintiff") filed his civil complaint on February 29, 2008 against Defendants Chevron Research & Technology and Jim Everard (collectively

"Defendants") in the United States District Court, Northern District of California Court. Plaintiff personally served Defendant Chevron USA, Inc. via its registered agent in California on April 3, 2008. Everard was served on April 23, 2008. Chevron Energy Technology Company filed its answer on April 23, 2008. Plaintiff agreed to and the parties stipulated to dismiss Everard as a defendant without prejudice in May 2008.

**Motions expected:**

(i) Plaintiff expects to file discovery motions compelling the production of documents and testimony by Defendant Chevron, especially as related to other claims of discrimination filed against Defendant and actions taken towards similarly situated employees. Prior to trial, Plaintiff expects to file motions in limine pertaining to evidence and witnesses Defendant may present at trial.

(ii) Defendant expects to file a motion for summary judgment. Defendant does not anticipate any discovery motions at this time and will file discovery motions only if no resolution can be reached between the parties during meet and confer. Defendant will also file motions in limine pertaining to evidence and witnesses Plaintiff may attempt to present at trial.

5. **Amendment of Pleadings:**

Plaintiff requests the right to amend the complaint correctly identifying Defendant in this matter as Chevron Energy Technology Company.

6. **Compliance With Evidence-Preservation Requirements**

Plaintiff certifies that he has preserved any and all evidence in his possession, custody and control at the time he was terminated.

Defendant certifies that it also has preserved any and all relevant evidence in its possession, custody or control.

7. **Disclosures**

Both parties will fully and timely comply with the initial disclosures set for July 11, 2008 in compliance with Fed. R. Civ. P. 26 or as otherwise stipulated to between the parties.

///

8. **Discovery**

To date, no discovery has been conducted by either party. Plaintiff anticipates having to file motion(s) to compel the discovery of evidence related to the employment of similarly situated male and minority employees as compared to Plaintiff, other claims of reverse discrimination filed against Defendant and actions taken towards similarly situated employees.

At this time, Defendant does not anticipate filing any discovery motions at this time and will file discovery motions only if no resolution can be reached between the parties during meet and confer.

9. **Discovery Plan:**

The parties agree and respectively request the following discovery plan:

    a. Non Expert Depositions:

        Plaintiff Requests   10 per party

        Defendant Requests   5 per party

    b. Interrogatories:

        Plaintiff Requests   50 per party

        Defendant Requests   25 per party

    c. Document Requests:   No limits per party

    d. Requests for Admissions:   No limits per party

10. **Class Action**

N/A

11. **Related Cases**

None

12. **Damages and Relief Sought**

Plaintiff requests compensatory damages, lost income and benefits, emotional distress damages, punitive damages and attorneys fees and costs at an amount to be determined through the course of litigation. Defendant denies that it has harmed Plaintiff in any amount whatsoever and requests recovery of its attorneys' fees and costs and that the Court order any further relief it deems appropriate.

13. **Settlement and ADR Efforts**

Plaintiff initially sent Defendant a formal demand letter hoping to settle this matter without litigating. The efforts to resolve this matter were unsuccessful and thus, Plaintiff filed his civil complaint. Since the commencement of this action, no discussions, formal or informal, have been held between counsel regarding settlement and no settlement has been reached.

Plaintiff requests that the parties proceed with private mediation. Defendant requests Early Neutral Evaluation ("ENE") through the Court's program. In the alternative of ENE (not in addition to), Defendant agrees to proceed with mediation.

14. **Consent to Magistrate Judge**

Defendant did not consent to assignment of this case to a United States Magistrate Judge for trial or any other purpose.

15. **Other References:**

None

16. **Narrowing of Issues**

At present the parties are unable to narrow any issues in this matter; however, both parties agree that as litigation proceeds, each will jointly work with the other to effectively narrow any facts or issues prior to trial in this matter.

17. **Expedited Schedule**

N/A

18. **Scheduling**

    i. Deadline for completing discovery except expert witness depositions:

        Plaintiff requests: 55 days prior to trial.

        Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

    ii. Last day to disclose expert witnesses:

        Plaintiff requests: 90 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

iii. Last day reports due from expert witnesses:

Plaintiff requests: 65 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

iv. Last day to complete expert discovery:

Plaintiff requests: 30 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

v. Supplementation under 26(e):

Plaintiff requests: Every 5 months.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

vii. Last day for dispositive motions to be heard:

Plaintiff requests: 55 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure. However, Defendant respectfully requests that, given Defendant's good faith belief that it will take at least five months to complete non-expert discovery in this matter (in part due to both defense counsels' unavailability during the month of August due to a scheduled month-long trial), that

Defendant's anticipated Motion for Summary Judgment be required to be filed <u>no sooner</u> than January 2, 2009.

viii. Last day to file pretrial conference statement:

Plaintiff requests: 30 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

ix. Pretrial conference date:

Plaintiff requests: 15 days before trial.

Defendant requests: Pursuant to the Court's typical scheduling deadlines, once a trial date is set, or as required by the Federal Rules of Procedure.

x. Trial Date:

Plaintiff requests: June 2009 given Plaintiff's counsel has a three week trial in another matter set to commence on April 20, 2009.

Defendant requests: May 2009—Approximately one year from the date of Chevron's Answer to Plaintiff's Complaint (Plaintiff served his Complaint upon Chevron in April 2008.) Defendant requests this date as it will allow sufficient time for the parties to conduct discovery (which Defendant anticipates will take at least 5 months given that both defense counsel are scheduled to commence a month-long trial on August 4, 2008) and for Defendant to then prepare and file, and for the Court to hear, its Motion for Summary Judgment.

xi. Trial Duration:

Plaintiff expects that the trial will last for 8-10 days.

Defendant expects that the trial will last between 10-14 days.

19. **Trial and Jury Demand**

Plaintiff properly demanded a jury as said request was included in his Civil Complaint when filed with the United States District Court, Northern District of California. To confirm, Plaintiff again requests trial by jury. Defendant similarly demanded a jury trial in its Answer to Plaintiff's Complaint and maintains that demand.

20. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff asserts that he knows of no entity or person who has an interest in this matter, whether financial or non-financial. Plaintiff's Certificate of Interest will likely be filed before the July 18, 2008 Case Management Conference.

On April 23, 2008, Defendant identified Chevron U.S.A. Inc. as an "interested" entity given that Defendant Chevron Energy Technology Company is a division of Chevron U.S.A. Inc.

DATED: July 7, 2008

HUBER LAW FIRM

By: _____
BETH A. HUBER
Attorney for Plaintiff
STEPHEN VALLIMONT

DATED: July 7th, 2008

FILICE BROWN EASSA & MCLEOD LLP

By: _____
ROBERT D. EASSA
DELIA A. ISVORANU
Attorney for Defendants
CHEVRON RESEARCH & TECHNOLOGY and JIM EVERARD

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

_____

_____

_____

_____

DATED: _____        _____
                              JEFFREY S. WHITE
                              United States District Judge