BETH A. HUBER (SBN 184702)
HUBER LAW FIRM
1104 Lincoln Ave.
San Rafael, CA  94901
Telephone:  (415) 456-4411
Facsimile:  (415) 456-3811
Email:  BetHubCa@aol.com

DAVID SHANE (SBN 109890)
SHANE & TAITZ
1000 Drakes Landing Rd., Suite 200
Greenbrea, CA  94904-3027
Telephone:  (415) 464-2020
Facsimile:  (415) 464-2024
Email:  dshane@shanetaitz.com

Attorneys for Plaintiff
STEPHEN VALLIMONT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN VALLIMONT, an individual,<br><br>                         Plaintiff,<br><br>v.<br><br>CHEVRON ENERGY TECHNOLOGY COMPANY<br><br>                         Defendant. | Case No.   08-01227 JSW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR REVERSE EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII;   REVERSE EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE FEHA; RETALIATION IN VIOLATION OF THE FEHA; RETALIATION IN VIOLATION OF TITLE VII; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Title VII of Civil Rights Act of 1964, as appended, 42 U.S.C. § 2000e-2000e-17; Fair Employment and Housing Act, California Government Code §§ 12900(a)-12996)** |

1

## JURISDICTION

1.     The jurisdiction of this Court is based upon the existence of a federal question and arises under the Title VII, 42 U.S.C. §2000e et seq. ("Title VII"). As such, jurisdiction is conferred on this Court and Plaintiff is provided with the powers, remedies and procedures set forth in Title VII, § 2000e-5(f)(3). Supplemental jurisdiction over the claims arising under California state law exists pursuant to 28 U.S.C. § 1367(a).

## INTRADISTRICT ASSIGNMENT

2.     Venue is proper in this District pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3) because the unlawful acts and practices alleged herein occurred in the City of Richmond, County of Contra Costa, California, which are situated in this judicial district.

3.     At all material times, Plaintiff Stephen Vallimont ("VALLIMONT"), was a resident of the State of California, County of Solano. The employment relationship upon which he sues herein was made in and to be performed in the City of Richmond, County of Contra Costa, State of California. At all material times, VALLIMONT worked for Defendant CHEVRON ENERGY TECHNOLOGY COMPANY in Richmond ("CHEVRON ENERGY" or "DEFENDANT"). The address where VALLIMONT last worked for Defendant CHEVRON ENERGY was 100 Chevron Way, Richmond, CA 94801. VALLIMONT is informed and believes that JIM EVERARD ("EVERARD") was Defendant's Team Leader and VALLIMONT'S manager. At all times VALLIMONT believes that EVERARD was taking the actions alleged herein based upon the managerial relationship between EVERARD and VALLIMONT with EVERARD'S retaliation of VALLIMONT falling outside the normal expectations of the employee and employer relationship.

4.     VALLIMONT is informed and believes and thereon alleges that Defendant CHEVRON ENERGY is, and at all times herein mentioned, was, a corporation which was licensed to, and was doing, business in Contra Costa County, California. VALLIMONT is informed and believes that EVERARD at all times herein mentioned was employed by Defendant CHEVRON ENERGY in the County of Contra Costa, State of California.

5.     Defendant entered into an employment relationship with VALLIMONT beginning in approximately February 1987 when VALLIMONT was hired by Defendant CHEVRON

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

1  ENERGY. The injuries on which this action is based arise out of the aforementioned employment

2  relationship.

3      6.    In early November 2007, VALLIMONT filed complaints of discrimination,

4  harassment, retaliation and wrongful termination based on his sex/gender, race and internal

5  complaints he had made to his employer, with the Equal Employment Opportunity Commission

6  ("EEOC") and California Department of Fair Employment and Housing ("DFEH").

7  VALLIMONT filed similar complaints of harassment and retaliation against EVERARD.

8      7.    The EEOC issued VALLIMONT a right-to-sue notice on December 3, 2007 which

9  was received on or about December 5, 2007. The notice gave VALLIMONT 90 days in which to

10  bring a federal action. By doing the foregoing, VALLIMONT has exhausted his administrative

11  remedies and conferred the jurisdiction of this court.

12      8.    The DFEH issued VALLIMONT right-to-sue letters on December 3, 2007, giving

13  him one year from that date to bring a civil action against Defendant CHEVRON ENERGY in

14  State court under the provisions of the Fair Employment and Housing Act ("FEHA"), California

15  Government Code §§12900(a)-12996. By doing the foregoing, VALLIMONT has further

16  exhausted his administrative remedies and conferred the jurisdiction of this court.

**FACTUAL BACKGROUND**

17      9.    VALLIMONT was hired by Defendant CHEVRON ENERGY in approximately

18  February, 1987, as an operator. He initially reported to Keith Foise.

19      10.   VALLIMONT is a Caucasian male. As such, he is protected against reverse

20  discrimination under both Title VII and the California FEHA.

21      11.   During his employment, VALLIMONT'S performance was exemplary. His

22  performance reviews regularly noted that he was cooperative, helped others, got along well with

23  everyone and had an excellent work attitude. Given his good performance, VALLIMONT was

24  promoted to a Lead Operator position and would fill in as a Shift Coordinator when needed.

25  VALLIMONT'S performance reviews noted that when he filled in as a Shift Coordinator, he did a

26  great job with no problems. At all times VALLIMONT handled himself in a professional manner.

27

28

3

12.     Beginning in approximately 2007, EVERARD was promoted to the position of Team Leader and became VALLIMONT'S manager at Defendant CHEVRON ENERGY.

13.     VALLIMONT worked the rotating shift. The employees on the crew, including lead workers, supervisors, males and females, Caucasian and employees of minority heritage and national origins, formed a close working relationship. This bond included physical hugging, slapping each other on the buttocks in a congratulatory manner and other limited, brief and non-offensive physical contact. VALLIMONT'S supervisors and managers participated in and condoned this activity. At no time during VALLIMONT'S twenty years of employment were any employees instructed to stop this activity. Nor did any employees express to VALLIMONT or others that they felt this touching was harassment much less that they were offended in any way. In short, VALLIMONT'S behavior towards his co-workers was no worse than his co-workers' behavior was towards him or to each other. If anything, VALLIMONT was more careful in his physical interactions with his co-workers given he would at times fill in as the Shift Coordinator.

14.     In approximately late 2004 to early 2005, EVERARD, in a safety meeting in front of several employees, after VALLIMONT brought up safety and health concerns regarding molding food in the employee refrigerator, told VALLIMONT that he would kick VALLIMONT'S ass if VALLIMONT cleaned out the refrigerator. In response, VALLIMONT called CHEVRON ENERGY'S ombudsman and complained about EVERARD having physically threatened him. In approximately August 2005, VALLIMONT called the hot line after Bob Lynn ("Lynn"), a friend of EVERARD, had also physically threatened him in front of other employees. During this second call, VALLIMONT again raised concerns about EVERARD. After these telephone calls, EVERARD was at best, hostile towards VALLIMONT.

15.     While employed, CHEVRON ENERGY'S Human Resources Policy 340 clearly stated that any discipline to be imposed was to be progressive beginning with admonishment then proceeding to reprimand, reprimand/warning, disciplinary layoff to discharge. The policy further stated that discharge was to be taken as the final step when, after supervisory counseling, an employee failed to correct a recurring problem. CHEVRON ENERGY'S sudden and unwarranted termination of VALLIMONT violates its own policy.

4

16.     In approximately early to mid May 2007, VALLIMONT informed EVERARD that in his review of employees' attendance, he had noted that Ms. Isabel Delgadillo ("Delgadillo") had a high absenteeism rate. VALLIMONT told EVERARD that EVERARD needed to talk to Delgadillo about her attendance and that she needed to stop harassing other employees or contractors for less absenteeism than her own. Delgadillo was Hispanic and a friend of EVERARD. Delgadillo, along with EVERARD, were responsible for maintaining employees' timesheets. Other employees learned that Delgadillo had been falsifying both her own timesheets and the timesheets of other employees. On information and belief, EVERARD would have had knowledge of Delgadillo's actions with the timesheets. In response to VALLIMONT'S comments, EVERARD told VALIMONT to leave it along and that he would take care of it.

17.     Within a few days of VALLIMONT'S discussion with EVERARD about Delgadillo, Defendant CHEVRON ENERGY informed VALLIMONT that complaints of harassment had been filed internally against him but did not explicitly tell him what the complaints were. VALLIMONT, on information and belief and based on the timing of the complaints as related to his discussions with EVERARD, believes that the complaints were filed by Delgadillo so as to avoid her own discipline. VALLIMONT had also caught Delgadillo falsifying her timecards. VALLIMONT also believes that EVERARD encouraged Delgadillo to file these false accusations given his on-going animosity towards VALLIMONT.

18.     Of importance, Delgadillo herself participated in the same congratulatory touching of employees, including to males. Of more importance, Delgadillo's own touching of employees went beyond the normal comradery in the workplace. Delgadilo would regularly touch other male employees by giving them shoulder and back massages and hand/finger massages. VALLIMONT also witnessed Delgadillo placing her hand down the front of other male employee's coveralls. Delgadillo also gave VALLIMONT shoulder massages, put her had down the front of his coveralls and would run her fingers through his hair. Thus, any alleged friendly and congratulatory touching by VALLIMONT towards Delgadillo herself or towards any other employee in the workplace would not have constituted sexual harassment because the touching was not unwanted nor did it

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

create a sexually hostile and abusive working environment for Delgadillo or any other female employee.

19.     In response to the allegations against VALLIMONT, Defendant CHEVRON ENERGY interviewed him but did not provide VALLIMONT with a list of the allegations made against him nor provide him with a copy of the complaint. Because he had nothing to hide, during the interview with Human Resources, VALLIMONT admitted to patting fellow employees on the buttocks or back when relaying his sentiments that they'd done something well. Other co-workers have informed VALLIMONT that they also informed CHEVRON ENERGY of the same during the investigation and that it was commonplace among all of the employees. During the interview, VALLIMONT denied that he had done anything else that would have constituted sexual harassment in the workplace including the showing of explicit photos on his cell phone or his computer. Of note, VALLIMONT'S work computer did not have access to the internet. VALLIMONT also informed the investigator of Delgadillo's touching of him.

20.     VALLIMONT was also accused of treating employees of minority heritage in an adverse manner but again, not provided with the specific allegations. VALLIMONT, during his interview, was asked about and vehemently denied, that he had ever referred to any African American employee by using the "N" word. Other African American employees have confirmed that VALLIMONT in fact, never referred to them by using the "N" word and that they also informed CHEVRON ENERGY'S Human Resources investigator of the same when they were interviewed. VALLIMONT was also asked about, and denied, having referred to another employee, who was Hispanic, as a "beaner". In contrast to the false allegations, VALLIMONT treated all employees, no matter their race or national origin, whether African American, Hispanic, or other nationality, as equals and with respect.

21.     During the interviews, VALLIMONT also informed the Human Resources interviewer that he had previously complained about EVERARD and Lynn. Of importance, the interviewer never asked VALLIMONT for a list of witnesses with whom she could talk to corroborate his statements during the interview. Based on the names provided to VALLIMONT, the witnesses who Defendant CHEVRON ENERGY interviewed were identified by Delgadillo.

6

Some of the witnesses named were on Delgadillo's crew with whom, VALLIMONT had little contact.

22.    On May 31, 2007, VALLIMONT was wrongfully terminated by CHEVRON ENERGY for allegedly having harassed others based on their sex and race in violation of company policies. Of importance, at no time prior to his termination was VALLIMONT given a full and complete opportunity to respond to the allegations against him much less refute them. Indeed, Defendant CHEVRON ENERGY had no basis to have terminated VALLIMONT given the pervasiveness of the congratulatory touchings in the work environment and management's participation in the same activities and condoning of it. Ironically, VALLIMONT was the only employee terminated. No other employees much less shift supervisors or managers were terminated. Nor were any female employees or employees of minority heritage terminated though their physical contact with other employees mirrored or exceeded VALLIMONT'S. VALLIMONT believes that one of the other reasons he was targeted was because of his previous complaints against EVERARD.

## FIRST CAUSE OF ACTION

### REVERSE EMPLOYMENT DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII
### 42 U.S.C. §§ 2000e et seq.

### AGAINST DEFENDANT CHEVRON ENERGY

23.    VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1 through 22, inclusive, of this Complaint.

24.    VALLIMONT was at all times material hereto an employee, as defined with 42 U.S.C. § 2000e(f) under Title VII which prohibits discrimination, harassment and retaliation in employment based on one's sex/gender.

25.    Defendant CHEVRON ENERGY is and was at all times material hereto an employer within the meaning of 42 U.S.C § 2000e(b). As such, Defendant CHEVRON ENERGY is barred from discriminating in any term, condition or privilege of employment, on the basis of an employee's sex/gender and race and from retaliating against an employee on the same basis.

7

26.    Defendant CHEVRON ENERGY discriminated against VALLIMONT on the basis of his sex/gender in violation of 42 U.S.C. § 2000e et seq. when, Defendant CHEVRON ENERGY failed to properly investigate the allegations made against VALLIMONT. Defendant CHEVRON ENERGY did not conduct an in-depth and unbiased investigation of the allegations made against VALLIMONT. Nor did CHEVRON ENERGY allow VALLIMONT the opportunity to fully address the accusations against him or provide witnesses in his support.

27.    Defendant CHEVRON ENERGY also discriminated against VALLIMONT because VALLIMONT'S actions did not constitute harassment or discrimination against any of his co-workers and indeed, the allegations were filed maliciously against VALLIMONT because of his complaints against EVERARD and recommendation of discipline of Delgadillo, a Hispanic female. Further, given the prevalence of the actions by others, primarily Delgadillo, VALLIMONT'S actions were not unwanted much less offensive in the workplace.

28.    Defendant CHEVRON ENERGY also discriminated against VALLIMONT when it singled him out and terminated him in May 2007 despite having evidence that the employees, supervisors and managers, including females and employees of minority heritage, on his shift and in his work location, would occasionally pat each other on the buttocks or back in a congratulatory manner. Instead, CHEVRON ENERGY based its decision to terminate VALLIMONT on false accusations which, if it had properly investigated the allegations, should have known were false or were not sufficiently pervasive and severe as to have cause a hostile work environment.

29.    Defendant CHEVRON ENERGY also discriminated against VALLIMONT by wrongfully terminating his employment and by not terminating other female employees, including Delgadillo, whose behavior and physical touching of male employees was far more prevalent and at times, offensive. Nor did Defendant CHEVRON ENERGY terminate any supervisor or manager involved in the same or worse behavior. Thus, Defendant CHEVRON ENERGY discriminated against VALLIMONT in a reverse manner based on his sex/gender.

30. On information and belief, Defendant CHEVRON ENERGY has engaged in a pattern and practice of discriminating against and harassing employees, including VALLIMONT, on the basis of their protected categories, including their sex/gender, in violation of Title VII by engaging

8

in the course of conduct set forth above.  Defendant CHEVRON ENERGY has a pattern and practice of protecting female employees from discrimination and harassment in the workplace to a greater extent than it protects male employees in the workplace, including from false allegations.

31.    As a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

32.    Further, and as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

33.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions, as set forth above, were motivated by animus towards VALLIMONT based on his sex/gender.  Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice.  Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT.  VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendants' wealth, and as set forth under  42 U.S.C. § 1981(a)(2).

34.    As a result of Defendant CHEVRON ENERGY'S discriminatory acts as alleged herein, including violation of Title VII, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, attorney fees and costs, according to proof and as provided by 42 U.S.C. § 1981(a)(2).

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

## SECOND CAUSE OF ACTION

### REVERSE EMPLOYMENT DISCRIMINATION BASED ON GENDER/SEX IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT GOVERNMENT CODE SECTIONS 12900(a)-12996

### AGAINST DEFENDANT CHEVRON ENERGY

35.    VALLIMONT repeats and re-alleges the allegation set forth in paragraphs 1 through 34, inclusive, of this Complaint.

36.    Defendant CHEVRON ENERGY discriminated against VALLIMONT on the basis of his sex/gender in violation of California Government Code sections 12900(a) through 12996 (otherwise known as the "FEHA") when, Defendant CHEVRON ENERGY, did not properly investigate Delgadillo's false complaints against VALLIMONT and when it did not let VALLIMONT refute those allegations nor provide a list of witnesses on his behalf.

37.    Defendant CHEVRON ENERGY also discriminated against VALLIMONT in violation of the FEHA when it wrongfully terminated VALLIMONT'S employment despite the fact that VALLIMONT'S behavior in the workplace did not constitute sexual harassment and he only participated in the same level and types of physical contact with select co-workers as did everyone else, including his supervisors and managers. VALLIMONT also believes that other employees' physical contact was far more prevalent and offensive than his, including by Delgadillo, who is female, towards other male employees, and thus VALLIMONT'S actions were not unwanted or offensive.

38.    Defendant CHEVRON ENERGY also discriminated against VALLIMONT when it wrongfully terminated his employment but did not also terminate any supervisory or management personnel who also participated in and condoned the same types of activities and when Defendant CHEVRON ENERGY did not terminate any other female employees whose physical touching of male employees was far more prevalent and at times, offensive, including Delgadillo.

39.    Defendant CHEVRON ENERGY'S discrimination of VALLIMONT was so prevalent in the workplace that on information and belief, other employees were upset that VALLIMONT was terminated and were angry that Delgadillo successfully filed her complaint against him.

10

40.    On information and belief, Defendant CHEVRON ENERGY has engaged in a pattern and practice of discriminating against and harassing employees, including VALLIMONT, on the basis of their protected categories, including their sex/gender, in violation of California Government Code sections 12900(a) through 12996 by engaging in the course of conduct set forth above. Defendant CHEVRON ENERGY has a pattern and practice of protecting female employees from discrimination and harassment in the workplace to a greater extent than it protects male employees in the workplace, including from false allegations.

41.    As a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

42.    Further, as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

43.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions as defined above were motivated by animus towards VALLIMONT based on his sex/gender. Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice. Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendants' wealth and as set forth under California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

44.    As a result of Defendant CHEVRON ENERGY'S discriminatory acts as alleged herein, including violation of said California Government Code, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, attorney fees and costs according to proof and as provided by California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

1   WHEREFORE, VALLIMONT requests relief as hereinafter provided.

2   ### THIRD CAUSE OF ACTION

3
    ### REVERSE DISCRIMINATION BASED ON RACE IN
4   ### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
    ### GOVERNMENT CODE SECTIONS 12900(a)-12996
5   ### AGAINST DEFENDANT CHEVRON ENERGY

6       45.     VALLIMONT repeats and re-alleges the allegation set forth in paragraphs 1 through

7   44, inclusive, of this Complaint.

8       46.     Defendant CHEVRON ENERGY discriminated against VALLIMONT on the basis

9   of his race in violation of California Government Code sections 12900(a) through 12996

10  (otherwise known as the "FEHA") when Defendant CHEVRON ENERGY did not properly

11  investigate Delgadillo's false complaint against VALLIMONT that he had allegedly harassed and

12  discriminated against other employees on the basis of their race, including African Americans and

13  Hispanics, and when it did not let VALLIMONT refute those allegations nor provide a list of

14  witnesses on his behalf. Indeed, VALLIMONT did not so discriminate. Delgadillo is Hispanic.

15      47.     Defendant CHEVRON ENERGY also discriminated against VALLIMONT in

16  violation of the FEHA when it wrongfully terminated VALLIMONT'S employment despite the

17  fact that VALLIMONT'S behavior in the workplace did not constitute racial harassment, including

18  towards Delgadillo, who was Hispanic, and who was far more physically prone to touch male

19  employees than VALLIMONT would touch female employees. Further, Defendant CHEVRON

20  ENERGY could not have confirmed any other type of discrimination or harassment by

    VALLIMONT towards his co-workers because of their race because none existed.

21      48.     Defendant CHEVRON ENERGY also discriminated against VALLIMONT when it

22  wrongfully terminated VALLIMONT'S employment but did not also terminate any supervisory or

23  management personnel who also participated in and condoned the same types of activities,

24  including supervisors who were of minority heritage. Defendant CHEVRON ENERGY also

25  discriminated against VALLIMONT when it did not terminate any other non-minority employees

26  whose behavior towards minorities was in fact harassing and discriminatory and did not terminate

27

28                                          12

any minority employees whose actions towards other employees of minority heritage was far more prevalent and at times, offensive.

49.   Defendant CHEVRON ENERGY'S discrimination of VALLIMONT was so prevalent in the workplace that on information and belief, other employees, including those of minority heritage, were upset that VALLIMONT was terminated and were angry that Delgadillo successfully filed her complaint against him.

50.   On information and belief, Defendant CHEVRON ENERGY has engaged in a pattern and practice of protecting employees of minority heritage to a greater extent than employees who are Caucasian and by doing so, discriminating against and harassing employees in a reverse manner, including VALLIMONT, on the basis of their race, in violation of California Government Code sections 12900(a) through 12996 by engaging in the course of conduct set forth above.

51.   As a proximate result of Defendants CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

52.   Further, as a proximate result of Defendants CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

53.   VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions as defined above were motivated by animus towards VALLIMONT based on his race. Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice.  Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendants' wealth and as set forth under California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

54.    As a result of Defendant CHEVRON ENERGY'S discriminatory acts as alleged herein, including violation of said California Government Code, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, attorney fees and costs according to proof and as provided by California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### REVERSE DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

### AGAINST DEFENDANT CHEVRON ENERGY

55.    VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1 - 54, inclusive, of this Complaint.

56.    VALLIMONT was at all times material hereto an employee, as defined with 42 U.S.C. § 2000e(f) under  Title VII which prohibits discrimination, harassment and retaliation in employment based on one's race.

57.    Defendant CHEVRON ENERGY is and was at all times material hereto an employer within the meaning of 42 U.S.C § 2000e(b).  As such, Defendant CHEVRON ENERGY is barred from discriminating in any term, condition or privilege of employment, including on the basis of an employee's race, and from harassing and retaliating against an employee on the same basis.

58.    Defendant CHEVRON ENERGY discriminated against VALLIMONT on the basis of his race in violation of 42 U.S.C. § 2000e et seq. when Defendant CHEVRON ENERGY failed to properly investigate the allegations made against VALLIMONT. Defendant CHEVRON ENERGY did not provide VALLIMONT with the full list of the allegations against him much less allow VALLIMONT to fully address those accusations or provide witnesses in his support. Moreover, based upon information from other employees of African American heritage, Defendant

14

CHEVRON ENERGY ignored testimony from them that VALLIMONT did not use the "N" word when referring to African American employees. Instead, the African American employees considered VALLIMONT to be a friend and to have treated them with respect and dignity.

59.     Defendant CHEVRON ENERGY further discriminated against VALLIMONT based on his race when it wrongfully terminated him despite the fact that it could not prove the allegations of racial harassment and discrimination filed against him. Indeed, Defendant could not have found any support for the allegations because they were not true. Yet, Defendant CHEVRON ENERGY gave greater credence to Delgadillo, who maliciously filed the complaints, because she herself was Hispanic.

60. CHEVRON ENERGY also discriminated against VALLIMONT by wrongfully terminating his employment and by not terminating other minority employees, including Delgadillo, who is Hispanic, whose behavior and physical touching of other employees was far more prevalent and at times, offensive. Nor did CHEVRON ENERGY terminate any supervisor or manager involved in the same or worse behavior, including some of whom were minorities. Thus, Defendant CHEVRON ENERGY discriminated against VALLIMONT in a reverse manner based on his race.

61.   As a direct result of CHEVRON ENERGY'S willful, knowing and intentional discrimination against VALLIMONT, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

62. As a direct result of CHEVRON ENERGY'S willful, knowing and intentional discrimination against VALLIMONT he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

63. VALLIMONT has incurred and continues to incur legal expenses and attorney's fees. VALLIMONT is presently unaware of the precise amount of those expenses and fees and prays leave of court to amend this complaint when those amounts are more fully known.

64. VALLIMONT is informed and believes that CHEVRON ENERGY'S actions as defined above were motivated by animus towards VALLIMONT based on his race. Said acts were

15

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring

VALLIMONT, and with an improper and evil motive amounting to malice. Said acts were carried

out by managerial employees acting within the course and scope of their employment with

Defendant and with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to

recover compensatory and punitive damages commensurate with Defendant's wealth and as set

forth under Title VII.

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF TITLE VII
### ACT OF 1990 42 U.S.C. §§ 2000e et seq.

### AGAINST DEFENDANT CHEVRON ENERGY

65.     VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1

through 64, inclusive, of this Complaint.

66.     VALLIMONT was at all times material hereto an employee, as defined with 42

U.S.C. § 2000e(f) and thus covered by 42 U.S.C. § 2000e et seq., otherwise known as "Title VII".

Said statute requires that an employer not retaliate against an employee on the basis of his/her

having filed complaints about activities and actions in the workplace which would have violated

Title VII.

67.     Defendant CHEVRON ENERGY is and was at all times material hereto an

employer within the meaning of 42 U.S.C § 2000e(b).  As such, Defendant CHEVRON ENERGY

is required not to retaliate against an employee for having filed complaints in the workplace about

activities and actions which would have violated Title VII

68.     VALLIMONT, prior to his termination, had complained about EVERARD'S threats

towards him in the workplace.  VALLIMONT informed Defendant CHEVRON ENERGY of this

during Defendant CHEVRON ENERGY'S alleged investigation into Delgadillo's complaint.

Defendant CHEVRON ENERGY ignored this information as well as VALLIMONT'S counter

complaint that other inappropriate, harassing and discriminatory actions by management and other

16

female and/or minority employees, including by Delgadillo, were occurring in the workplace. VALLIMONT also informed Defendant CHEVRON ENERGY of his discussion with EVERARD mere days earlier regarding Delgadillo's absenteeism. Defendant CHEVRON ENERGY ignored VALLIMONT'S complaints, and instead, retaliated against him and terminated him.

69.    As a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

70.    Further, and as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

71.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions, as set forth above, were motivated by animus towards VALLIMONT based on his having previously complained about EVERARD'S threats, objecting to the false allegations against him and having informed management of other discriminatory and harassing conduct in the workplace, including by EVERARD and Delgadillo. Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice. Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendants' wealth, and as set forth under 42 U.S.C. § 1981(a)(2).

72.    As a result of Defendant CHEVRON ENERGY'S discriminatory acts as alleged herein, including violation of Title VII, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, attorney fees and costs, according to proof and as provided by 42 U.S.C. § 1981(a)(2) and 42 U.S.C. § 12133.

/ / /

17

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE
### SECTIONS 12900(a)-12996

### AGAINST DEFENDANT CHEVRON ENERGY

73.    VALLIMONT repeats and re-alleges the allegation set forth in paragraphs 1 through 72, inclusive, of this Complaint.

74.    Defendant CHEVRON ENERGY retaliated against VALLIMONT on the basis of his having filed internal complaints against EVERARD and other employees' conduct in violation of the FEHA, California Government Code sections 12900(a) through 12996, when, Defendant CHEVRON ENERGY, primarily through EVERARD, who on information and belief, encouraged and assisted Delgadillo in filing false claims against VALLIMONT and when EVERARD and Defendant CHEVRON ENERGY did not conduct an adequate and unbiased investigation into the false allegations against VALLIMONT much less provide him a full and fair opportunity to refute the allegations.

75.    Defendant CHEVRON ENERGY'S ultimate retaliation occurred when VALLIMONT was wrongfully terminated despite the fact that he had identified other employees, including EVERARD and Delgadillo, whose behavior was offensive and harassing in the workplace.  VALLIMONT had previously reported EVERARD and EVERARD'S friend, Lynn, when they separately made physical threats towards him via Defendant CHEVRON ENERGY'S ombudsman and hot-line.

76.    Defendant CHEVRON ENERGY engaged in a pattern and practice of retaliating against employees, including VALLIMONT, on the basis of their having filed complaints of discrimination, harassment or retaliation in the workplace and for telling the truth during investigations of alleged discriminatory conduct in violation of California Government Code sections 12900(a) through 12996 by engaging in the course of conduct set forth above.

77.    As a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, substantial losses incurred in earnings and

other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

78.    Further, as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and continues to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

79.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions as defined above were motivated by animus towards VALLIMONT based on his having filed internal complaints against EVERARD and for telling the truth, including about Delgadillo's actions, during the investigation. Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice. Said acts were carried out by managerial employees, including EVERARD, with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendant's wealth and as set forth under California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

80.    As a result of Defendant CHEVRON ENERGY'S discriminatory and harassing acts as alleged herein, including violation of said California Government Code, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, attorney fees and costs according to proof and as provided by California Government Code sections 12900(a) – 12996 and California Civil Code section 3294.

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## AGAINST DEFENDANT CHEVRON ENERGY

81.    VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1 through 80 inclusive, of this Complaint.

19

82.    Defendant CHEVRON ENERGY, violated Federal and California public policy as embodied in Title VII and the FEHA when it wrongfully terminated his employment after failing to investigate the false accusations made against VALLIMONT and when it did not allow VALLIMONT the opportunity to fully refute the accusations much less provide witnesses who would support his contentions that his behavior was at all times appropriate in the workplace.  If Defendant CHEVRON ENERGY had conducted an appropriate investigation, Defendant would have confirmed that VALLIMONT'S behavior would not have constituted harassment in the workplace; that any physical touching by VALLIMONT of others was the norm and therefore, not unwanted, and that VALLIMONT did not commit the acts alleged against employees of minority heritage.  Instead, Defendant CHEVRON ENERGY would have found that other employees, including supervisors, managers, females and employees of minority heritage, committed the same or far more egregious acts in the workplace than VALLIMONT, yet they were not terminated.

83.    Further, Defendant CHEVRON ENERGY, and each of the other Defendants, by the actions set forth above, wrongfully retaliated against VALLIMONT for asserting personal statutory rights designed to protect workers and thereby wrongfully undermined the public policy advanced by the social legislation embodied in California Government Code sections 12900(a) through 12996 and Title VII when EVERARD and Delgadillo were allowed to file false allegations against VALLIMONT and Defendant CHEVRON ENERGY ratified the false allegations when it terminated VALLIMONT.

84.    As a proximate result of Defendant CHEVRON ENERGY'S conduct and wrongful termination of him, VALLIMONT has suffered, and will continue to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

85.    Further, and as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

86.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions, as set forth above, were motivated by animus towards VALLIMONT based on his race

20

and gender, his having filed internal complaints about EVERARD and having provided Defendant

CHEVRON ENERGY with information about the behavior of other employees which would have

constituted harassment in the workplace. Said acts were committed maliciously, fraudulently and

oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil

motive amounting to malice. Said acts were carried out by managerial employees acting within

the course and scope of their employment with Defendant CHEVRON ENERGY and with the

intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and

punitive damages commensurate with Defendant's wealth, and as set forth under California Civil

Code section 3294 and under Title VII.

    87.    As a result of Defendant CHEVRON ENERGY'S wrongful termination of

VALLIMONT as alleged herein, including violation of said California Government Code and Title

VII, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to,

compensatory, general and punitive damages, according to proof and as provided by the respective

state and federal statutes.

    WHEREFORE, VALLIMONT requests relief as hereinafter provided.

### TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST DEFENDANT CHEVRON ENERGY

    88.    VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1

through 87, inclusive, of this Complaint.

    89.    The conduct set forth above was extreme and outrageous and an abuse of the

authority and position of Defendant CHEVRON ENERGY. Said conduct was intended to cause

severe emotional distress or was done in conscious disregard of the probability of causing such

distress. In particular, Defendant CHEVRON ENERGY engaged in an intentional and hostile

course of conduct created to terminate VALLIMONT by filing false allegations against him,

failing to investigate those allegations and terminating his employment without good cause after

VALLIMONT had been employed for over twenty years.

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

90.    As a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, substantial losses incurred in earnings and other employment benefits he would have received had Defendant CHEVRON ENERGY not taken such adverse employment action against him.

91.    Further, and as a proximate result of Defendant CHEVRON ENERGY'S conduct, VALLIMONT has suffered, and will continue to suffer, severe emotional distress damages including anxiety, humiliation, physical pain and other emotional distress in an amount according to proof.

92.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions, as set forth above, were motivated by animus towards VALLIMONT based on his race and gender and having filed complaints against EVERARD and having provided Defendant CHEVRON ENERGY with information regarding other harassment and discrimination occurring in the workplace.  Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice.  Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT.  VALLIMONT is therefore entitled to recover punitive damages commensurate with Defendant CHEVRON ENERGY'S wealth, and as set forth under California Civil Code section 3294.

93.    As a result of Defendant CHEVRON ENERGY'S intentional discriminatory and retaliatory acts as alleged herein, including violation of specified state and federal employment statutory provisions prohibiting discrimination, harassment and retaliation, VALLIMONT was damaged in an amount to be proven at trial, including, but not limited to, compensatory, general and punitive damages, according to proof.

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

/ / /

/ / /

22

### ELEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### AGAINST DEFENDANT CHEVRON ENERGY

94.     VALLIMONT repeats and re-alleges the allegations set forth in paragraphs 1 - 93, inclusive, of this Complaint.

95.     Negligent Infliction of Emotional Distress is severe emotional distress that is proximately caused by a Defendant's negligent conduct or willful violation of a statutory standard. California law mandates that an employer take the necessary action that is reasonably calculated to end illegal and inappropriate conduct creating a harmful work environment for an employee.  An employer is thereby liable for the injury caused to an employee by its failure to eradicate the harmful conduct of another of its employees that is causing another foreseeable harm and thus, ratifying the conduct.

96.     Defendant CHEVRON ENERGY'S conduct, as set forth above, caused VALLIMONT severe emotional distress when it ignored its duty to investigate and end EVERARD'S and Delgadillo's retaliatory, discriminatory and false conduct towards VALLIMONT.  The employer knew or reasonably should have known of the false nature of the allegations against VALLIMONT, especially if it had conducted a non-biased and thorough investigation into Delgadillo's false allegations.  Defendant, by its negligence, also failed to properly evaluate and learn that VALLIMONT'S behavior did not constitute harassment given his physical touching of employees was similar to, if not less pervasive, than other employees' physical contact in the workplace.  Moreover, Defendant would have learned that VALLIMONT did not discriminate against employees of minority heritage, including African Americans and Hispanics, but instead, treated them with dignity and respect.

23

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

97.    Defendant CHEVRON ENERGY further caused VALLIMONT emotional distress when Defendant CHEVRON ENERGY ignored its duty to stop the harmful and retaliatory conduct towards him and instead, expressly allowed and ratified EVERARD'S conduct because it knew or should have known that Delgadillo's claims were false and even, inspired by EVERARD himself. Defendant CHEVRON ENERGY failed to correct EVERARD'S retaliation towards VALLIMONT much less discipline EVERARD or terminate his employment.

98.    As a direct result of Defendant CHEVRON ENERGY'S negligent conduct against VALLIMONT, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

99.    As a direct result of Defendant CHEVRON ENERGY'S negligent conduct against VALLIMONT, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

100.    VALLIMONT is informed and believes that Defendant CHEVRON ENERGY'S actions as defined above were motivated by animus towards VALLIMONT based on his race and gender and previous complaints in the workplace. Said acts were committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring VALLIMONT, and with an improper and evil motive amounting to malice. Said acts were carried out by managerial employees acting within the course and scope of their employment with Defendant CHEVRON ENERGY and with the intent to injure VALLIMONT. VALLIMONT is therefore entitled to recover compensatory and punitive damages commensurate with Defendant CHEVRON ENERGY'S wealth and as set forth under California Civil Code section 3294.

WHEREFORE, VALLIMONT requests relief as hereinafter provided.

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII

## **PRAYER FOR RELIEF**

WHEREFORE, VALLIMONT prays judgment against Defendant CHEVRON ENERGY as follows:

      1.     For all actual, consequential, and incidental losses, including, but not limited to, the loss of income and benefits, including back pay and front pay, according to proof, together with prejudgment interest, for all causes of action.

      2.     For general, compensatory, and non-economic damages for all causes of action;

      3.     For exemplary and punitive damages for all causes of action;

      4.     For costs of suit herein including reasonable attorney's fees;

      5.     For prejudgment interest at the prevailing legal rate; and

      6.     For such other and further relief as the Court may deem proper.

DATED:  August 7, 2008

HUBER LAW FIRM


By: _____
BETH A. HUBER
Attorneys for Plaintiff STEPHEN VALLIMONT


## **JURY DEMAND**

Plaintiff demands trial by jury in this action.


DATED:  August 7, 2008

HUBER LAW FIRM


By: _____
BETH A. HUBER
Attorneys for Plaintiff STEPHEN VALLIMONT

FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII