IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN VALLIMONT,<br><br>            Plaintiff,<br><br>  v.<br><br>CHEVRON RESEARCH & TECHNOLOGY,<br><br>            Defendant.           / | No. C-08-01227 JSW (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY RESPONSES AND DEPOSITION OF KATHRYN GALLACHER** |

In this employment discrimination case, Plaintiff alleges that he was wrongfully terminated from his job as a Pilot Plant Operator at Chevron's Richmond facility High Pressure Lab following an investigation into an anonymous complaint of sexual harassment against him. On March 17, 2009, the parties filed a joint letter in which Plaintiff sought further responses to his first and second sets of interrogatories and requests for production of documents and his first set of requests for admission, as well as further deposition of Kathryn Gallacher. On March 26, 2009, the Court issued an order requiring the parties to lodge the Gallacher deposition transcript and to file further briefing on the discovery issues. On April 6, 2009, the parties lodged the Gallacher transcript and filed their further briefs. The Court has concluded that this matter is appropriate for decision without oral argument.

First, Plaintiff seeks further discovery regarding similarly situated employees (Interrogatories 19-23; Document requests 26-33, 67-68, 70-71, 73-74, 77-80, 87-88). Plaintiff argues that this information could be used as circumstantial evidence regarding how Defendant acted toward similarly situated employees. See, e.g., Dorsten v. Lapeer County Gen. Hosp., 88 F.R.D. 583, 586 (E.D. Mich. 1980) ("Plaintiff's overall claim is one for disparate treatment. It is difficult to perceive

how any Plaintiff can be expected to argue and prove such a case without access to the type of review and decision-making processes undertaken in comparable situations with Plaintiff's male'"counterparts.'"). However, Plaintiffs' discovery requests seeking information regarding similarly situated employees are overbroad.

Defendant does not dispute that Plaintiff is entitled to discovery of similarly situated employees, but objects to the breadth of Plaintiff's discovery requests. See, e.g., EEOC v. Lockheed Martin, 2007 WL 1576467, * 3 (D. Hi. May 29, 2007). Nonetheless, Defendant states that it has already produced all documents since 2004 regarding complaints of race or gender discrimination, harassment, retaliation, use of racial epithets, touching, or other conduct of which Plaintiff was accused, filed by or against anyone in the High Pressure Lab in which Plaintiff worked.

While Defendant's production of documents reflects the appropriate type of information that should be produced, the Court needed more information to determine whether that production was sufficient. Accordingly, the Court issued its March 26, 2009 order seeking, among other things, "information regarding the size, number of employees and management structure of the High Pressure Unit *and the Richmond facility as a whole."* See Mar. 26, 2009 Order at 1:19-21 (emphasis added). The parties did not provide all the information sought by the Court. Although Defendant has the information about its own Richmond facility, it only provided a chart showing the management structure of the Process, Analytical & Catalysis Technology Department, Integrated Laboratory Technologies (Def.'s Further Briefing at Ex. B), which appears to show the structure of High Pressure Lab (although it is not specifically so labeled), but does not show the structure or number of employees of the Richmond facility. Further, the chart does not show, for example, the position of two of the alleged primary decision-makers whose involvement Plaintiff demonstrated in its April 6, 2009 supplemental brief: Jeff Hedges, who recommended terminating Plaintiff, and Paul Allinson, who consulted with Mr. Hedges and decided to "sleep on it" before making the decision to terminate.

Based on the information that was provided by the parties and Defendant's failure to provide the information ordered by the Court about the entire Richmond facility, the Court concludes that some further discovery regarding similarly situated employees is required. It appears from the

further briefing that the primary decision-makers in this case were not involved solely with the High Pressure Lab, and therefore, they may have been involved with relevant similarly situated employees in other work units. Even the authority cited by Defendant does not necessarily limit discovery to a plaintiff's work group, but also contemplates discovery of the local facility in which a plaintiff worked. See EEOC v. Lockheed Martin, 2007 WL 1576467, * 3 (D. Hi. May 29, 2007) ("In Title VII cases, courts have imposed limitations on the discovery of company records, including: reasonable time period before and after discriminatory event; local facility *or* work unit of the plaintiff, in the absence of need for regional or nationwide discovery; plaintiff's job category; type of action alleged by plaintiff (i.e. hiring, promotion, discharge); and the type of alleged discrimination (i.e. race, sex, age).") (emphasis added). Moreover, although the Court agrees that post-termination discovery is not necessarily relevant, a five-year time period before the date of termination is reasonable to provide Plaintiff with adequate discovery. Accordingly, Defendant shall produce documents regarding complaints of race or gender discrimination, harassment, retaliation, use of racial epithets, touching, or other conduct of which Plaintiff was accused: (1) filed by or against anyone in the High Pressure Lab in the five years before Plaintiff's termination; and (2) filed by anyone in the Richmond facility as a whole for the same time period involving any of the decision-makers identified by Plaintiff (Kathryn Gallacher, Jeff Hedges, Jill DePompei-Morales, Cynthia Bozeman, Paul Allinson and Mark Puckett).

Second, Plaintiff argues that Defendant has waived any objections to discovery propounded on January 29, 2009 by responding on March 5, 2009, which was three days after the March 2, 2009 discovery cutoff. Even if there was an agreement to serve discovery requests by overnight mail, which is disputed, Plaintiff's requests were untimely. Thirty days after January 29, 2009 was Saturday, February 28, 2009, so under Federal Rule of Civil Procedure 6(a)(3), the last day to respond to Plaintiff's discovery would have been Monday, March 2, 2009. Further, because service of the requests was by mail, three days are added for the response. See Fed. R. Civ. P. 6(d). Therefore, Defendant's response was due on March 5, three days after the discovery cutoff date. Even if the last day to respond was not moved to March 2, thirty-three days after January 29, 2009 was March 3, 2009, one day after the discovery cutoff.

Third, Plaintiff seeks additional time to depose Ms. Gallacher, the employee who conducted the investigation into the complaint against Plaintiff. Ms. Gallacher's deposition was taken on December 3, 2008 for approximately seven hours. Based on the Court's review of the deposition transcript and the importance of this witness who conducted the investigation that led to Plaintiff's termination, the Court concludes that Plaintiff is entitled to three additional hours to depose Ms. Gallacher. The deposition shall take place no later than April 24, 2009 at a place and time that is convenient for Ms. Gallacher, and that does not require her to drive.

**IT IS SO ORDERED.**

Dated: April 8, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4